UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**Robert P. DesRoches**

    **v.**                                    Case No. 05-cv-88-PB

**John E. Potter, Postmaster General,**
**U.S. Postal Service**


### MEMORANDUM AND ORDER

    Plaintiff Robert P. DesRoches, a former employee of the U.S. Postal Service ("USPS"), successfully litigated an employment discrimination claim with the Equal Employment Opportunity Commission Office of Federal Operations ("EEOC"). He then filed a petition with the EEOC to enforce its order awarding him relief against the USPS. In this action, DesRoches challenges the EEOC's determination that the USPS has accorded him all of the relief to which he is entitled. The USPS has moved for judgment on the pleadings (Doc. No. 9) arguing that DesRoches is not entitled to judicial review of the EEOC's order. For the reasons set forth below, I grant the USPS' motion.

## I. BACKGROUND

Postal service employees must follow a complex procedural path in pursuing discrimination claims against their employers. I begin by describing the laws and regulations that govern such claims and then turn to the specific facts of this case.

### A. The Regulatory Framework

DesRoches' disability claim arises under the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. The Rehabilitation Act prohibits discrimination against qualified individuals with disabilities by federal agencies or the USPS. 29 U.S.C. § 794(a). Claims under the Rehabilitation Act are enforceable in the manner provided by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. 29 U.S.C. § 794a.

Title VII empowers the EEOC to adopt regulations to enforce the statute's policy of nondiscrimination by federal employers. 42 U.S.C. § 2000e-16(b); 43 Fed. Reg. 19807 (transferring authority to enforce § 2000e-16 from the Civil Service Commission to the EEOC). Pursuant to the statute, the EEOC has propounded regulations for the adjudication of claims by alleged victims of discrimination (hereinafter, "complainants"). The regulations

provide an array of administrative remedies and, in certain circumstances, authorize complainants to litigate their claims in federal district court.

All complainants are required to exhaust their administrative remedies prior to seeking relief in federal court. To comply with the exhaustion requirement, a complainant must first undergo informal consultation with an equal employment opportunity counselor.  29 C.F.R. § 1614.105(a).  If the matter is not resolved via informal consultation, the complainant must file an official complaint with the offending agency.  Id. § 1614.106(a).  The agency is required to conduct its own investigation of the complaint, id. § 1614.106(e)(2), and to provide a copy of the investigation file to the complainant.  Id. § 1614.108(f).  After receiving the investigation file, the complainant may request a hearing before an EEOC administrative law judge ("ALJ").  Id. § 1614.108(g).

The ALJ issues findings and conclusions after a hearing, or if there are not facts in dispute, without a hearing.  Id. §§ 1614.109(a), 1614.109(g).  The agency may accept or reject the ALJ's findings and conclusions.  Id. § 1614.110(a).  The agency's

response to the ALJ's findings and conclusions is its "final action." Id. A complainant has exhausted his administrative remedies when he receives notice of the agency's final action or when the agency has failed to issue a final action within 180 days. See id. § 1614.407(a)-(b).

A complainant who is not satisfied with the agency's final action may either file a civil action in federal district court or continue to litigate his claim with the EEOC by taking an administrative appeal. Pursuant to 42 U.S.C. § 2000e-16(c), a complainant must file any civil action within 90 days from his receipt of the agency's final action or 180 days from the filing of the initial charge with the agency. See also 29 C.F.R. § 1614.407(a). In the alternative, the complainant may appeal the agency's final action to the EEOC by invoking the optional administrative appeal procedure. Id. §§ 1614.110(b); 1614.401(a).

If the complainant is aggrieved by the EEOC's appellate decision, he once again has the opportunity to file a civil action in federal district court. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(c). Consistent with the procedural rules that

govern civil actions following agency final actions, the complainant must file his civil action within 90 days of his receipt of the EEOC's decision on the appeal or 180 days after commencing the appeal.  29 C.F.R. § 1614.407(c); 42 U.S.C. §§ 2000e-16(c).

If a complainant is satisfied with the EEOC's appellate decision but determines that the agency has not provided the relief ordered therein, he may file a petition for enforcement with the EEOC.  29 C.F.R. § 1614.503(a).  The enforcement regulation states that:

> [w]here the [EEOC] has determined that an agency is not complying with a prior decision, or where an agency has failed or refused to submit any required report of compliance, the [EEOC] shall notify the complainant of the right to file a civil action for enforcement of the decision pursuant to . . . the Rehabilitation Act and to seek judicial review of the agency's refusal to implement the ordered relief pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 et seq., and the mandamus statute, 28 U.S.C. § 1361, or to commence de novo proceedings pursuant to the appropriate statutes.

Id. § 1614.503(g).  A complainant may pursue an enforcement proceeding in federal court if the EEOC "has determined that an agency is not complying with a prior decision."  29 C.F.R. § 1614.503(g).

B.  **Facts and Procedural History**

DesRoches worked at the USPS facility in Nashua, New Hampshire. He alleges that on April 25, 1994, the USPS refused to promote him from Part-Time Flexible ("PTF") Clerk to Full-Time Regular ("FTR") Clerk because of his disabling back condition.[1] Information for Precomplaint Counseling at 1. Instead, the USPS allegedly promoted another PTF Clerk with less seniority. EEO Compl. of Discrimination in the Postal Service at 1. On April 26, 1994, DesRoches requested a meeting with an equal employment opportunity counselor. He subsequently filed an equal employment opportunity complaint. On January 25, 1995, he requested a hearing before an ALJ.

On August 1, 1995, pursuant to 29 C.F.R. § 1614.109(g), ALJ Edwina L. St. Rose issued findings and conclusions without holding a hearing. ALJ St. Rose ordered summary judgment in favor of DesRoches, determining that DesRoches was a qualified individual with a disability within the meaning of the Rehabilitation Act and that the USPS had not shown why DesRoches

---

[1] DesRoches suffers from a herniated disc and lumbar radiculopathy. Compl. ¶ 6.

could not be provided with reasonable accommodation in the FTR Clerk position.  ALJ Findings and Conclusions at 4-5.  ALJ St. Rose directed the USPS to award the FTR Clerk position to DesRoches, retroactive to April 30, 1994, and to reimburse him for lost benefits.  Id. at 5.

On September 1, 1995, the USPS rejected ALJ St. Rose's findings and conclusions, stating that summary judgment was inappropriate and DesRoches was not a qualified individual with a disability.  USPS Final Action at 2-4.  DesRoches appealed to the EEOC.  On May 12, 1998, the EEOC reversed the USPS' determination.  EEOC Appellate Decision at 2.  It ordered the USPS to award DesRoches a FTR Clerk position, retroactive to April 30, 1992, and to provide back pay and benefits.  Id.  On July 19, 2000, the EEOC denied the USPS' request for reconsideration.  The EEOC did not explain why it ordered relief retroactive to 1992 even though DesRoches alleged that he was first denied a promotion in 1994.

On September 23, 2002, DesRoches filed a petition with the EEOC complaining that the USPS had not complied with the terms of the EEOC appellate decision.  Pl.'s Br. at 6.  The EEOC opened an

enforcement proceeding, and on February 10, 2005, the EEOC determined that the USPS had fully complied with the appellate decision. In explaining that DesRoches was not entitled to further relief, the EEOC first noted that it had made a typographical error in awarding DesRoches relief retroactive to April 30, 1992 rather than April 30, 1994.[2] Decision on Pet. for Enforcement at 2 n.2. Next, it concluded that the USPS had complied with the portion of the appellate decision that awarded him an FTR Clerk position because it had offered him the position prior to April 1994.[3] Id. at 2. Finally, it concluded that DesRoches was not entitled to back pay or benefits under the appellate decision because he had stopped coming to work in January 1994 whereupon the USPS had terminated him (an action

---

[2] DesRoches contends that the date change was not an error because the USPS had a "history of discriminatory activity" with respect to DesRoches and because 29 C.F.R. § 1614.501(b)(3) permits back pay for a period of two years prior to the date on which the aggrieved party files a complaint. DesRoches' argument is dubious. Nevertheless, it has no bearing on my resolution of this matter.

[3] The EEOC did not identify the evidence that it was relying on when it made this determination. DesRoches argues that the USPS made only an inadequate attempt to comply with the appellate decision by offering him a "modified clerk" position on August 23, 2002. Pl.'s Br. ¶ 10.

that was upheld on appeal to the EEOC).  Id.

DesRoches filed his complaint in this court on February 10, 2005.  He seeks an order vacating the EEOC's February 10, 2005 ruling and directing the USPS to pay him back pay and benefits from April 30, 1992 through October 31, 2004.[4]

## II.  **STANDARD OF REVIEW**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standard of review as a motion to dismiss for failure to state a claim under Rule 12(b)(6).  Collier v. City of Chicopee, 158 F.3d 601, 602 (1st Cir. 1998).  Accordingly, in reviewing a motion for judgment on the pleadings the court must "accept all of the non-movant's well pleaded factual averments as true."  Rivera-Gomez v. De Castro, 843 F.2d 631, 635 (1st Cir. 1988).  "Judgment on the pleadings under Rule 12(c) may not be entered unless it appears beyond a doubt that the nonmoving party can prove no set of facts in

---

[4] DesRoches acknowledges that he is not entitled to back pay after October 31, 2004 because the USPS offered him the position specified in the EEOC appellate decision on October 1, 2004.  Compl. ¶16.

-9-

support of [his] claim which would entitle [him] to relief." Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998).

### III. **ANALYSIS**

DesRoches asks me to vacate the EEOC's enforcement decision and to enforce its appellate decision. The USPS responds by arguing that DesRoches' claim is not cognizable under the governing statutes and regulations.[5]

DesRoches' claim arises under the Rehabilitation Act and is enforceable as provided by Title VII. Title VII and its implementing regulations authorize an employment discrimination claimant to seek relief in federal court in only two

---

[5] The USPS frames its argument as a challenge to this court's subject matter jurisdiction. I disagree that this suit lacks jurisdictional basis. Resolution of the parties' dispute requires me to construe Title VII and the applicable EEOC regulations. Accordingly, I have subject matter jurisdiction under 28 U.S.C. § 1331. Laber v. Harvey, 438 F.3d 404, 425 (4th Cir. 2006); see also Bell v. Hood, 327 U.S. 678, 684 (1946) ("[T]he right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another. For this reason the District Court has jurisdiction."); Vera-Lozano v. Int'l Broad., 50 F.3d 67, 68 (1st Cir. 1995) (subject matter jurisdiction over Title VII claims under § 1331).

circumstances: (1) in a judicial enforcement proceeding pursuant to 29 C.F.R. § 1614.503(g); and (2) in a civil action pursuant to 42 U.S.C. § 2000e-16(c).[6]  I discuss each in turn.

### A. Judicial Enforcement Proceeding

The EEOC enforcement regulation authorizes a complainant to file an action to enforce an EEOC appellate decision only if the EEOC "has determined that an agency is <u>not</u> complying with a prior decision." 29 C.F.R. § 1614.503(g) (emphasis added). "When construing a regulation or statute, it is appropriate first to examine the regulatory language itself to determine its plain meaning . . . . [i]f the regulatory language is clear and unambiguous, the inquiry ends with the plain meaning." <u>Roberto v. Dep't of the Navy</u>, 440 F.3d 1341, 1350 (Fed. Cir. 2006) (citations omitted); <u>see also</u> <u>Prado v. Reno</u>, 198 F.3d 286, 292

---

[6] DesRoches argues that he is entitled to judicial review because the EEOC's enforcement decision unlawfully modified its appellate decision in contravention of 29 C.F.R. § 1614.503(c), which states that the EEOC may not "change the result of a prior decision" when it issues a clarification.  DesRoches has not cited any provision of either the Rehabilitation Act or Title VII that authorizes a complainant to bring a civil action for an alleged violation of § 1514.503(c).  Nor has he identified any other federal statute or regulation giving him such a right.  Accordingly, I limit my analysis to 29 C.F.R. § 1614.503(g) and 42 U.S.C. § 2000e-16(c).

(1st Cir. 1999). Because § 1614.503(g) plainly applies only if the EEOC has determined that an agency has refused to comply with a prior EEOC decision, the provision is inapplicable in cases like the present one in which the litigant is seeking judicial review of a determination by the EEOC that the agency has complied with its prior decision. See Adcock v. Roche, No. 5:04-CV-208(DF), 2006 WL 1285045, at *6 (M.D. Ga. May 5, 2006) ("As is indicated by the plain terms of subsection (g), an employee's claim for judicial enforcement is proper only where the EEOC determines that the agency is not in compliance with its previous decision."); Tshudy v. Potter, 350 F. Supp. 2d 901, 907 (D.N.M. 2004) (finding of noncompliance with a final agency decision is a "prerequisite" to an action for judicial enforcement).

**B.   Civil Action**

Title VII authorizes a "party aggrieved" to file a lawsuit in federal court following final action by an agency or the EEOC. 42 U.S.C. § 2000e-16(c); see also 29 C.F.R. § 1614.407. An action under this provision, however, is an action for de novo review of the complainant's employment discrimination claim.

Civil actions under § 2000e-16(c) are governed by the provisions of 42 U.S.C. §§ 2000e-5(f)-(k). 42 U.S.C. § 2000e-16(d). Section 2000e-5(g) authorizes federal district courts to provide injunctive relief and back pay to a complainant "[i]f <u>the court finds</u> that the [agency] has intentionally engaged in . . . an unlawful employment practice." 42 U.S.C. § 2000e-5(g)(1) (emphasis added). The statute's use of the phrase "if the court finds" suggests that a court must consider the merits of a claimant's discrimination claim rather than narrower issues such as whether an agency has complied with an EEOC order awarding a complainant particular relief. See <u>Laber v. Harvey</u>, 438 F.3d 404, 419 n.14 (4th Cir. 2006).

In <u>Laber</u>, the Fourth Circuit thoroughly reviewed the relevant statutory framework and case law and concluded that a civil action under § 2000e-16(c) is for <u>de novo</u> review of the complainant's claim. 438 F.3d at 423. The Fourth Circuit's reasoning in <u>Laber</u> is persuasive. In addition, a clear majority of the courts of appeals that have squarely addressed this question agree that review under § 2000e-16(c) is <u>de novo</u>. See <u>Morris v. Rumfeld</u>, 420 F.3d 287, 294 (3d Cir. 2005); <u>Ellis v.</u>

England, 432 F.3d 1321, 1325 (11th Cir. 2005); Scott v. Johanns, 409 F.3d 466, 470 (D.C. Cir. 2005); Timmons v. White, 314 F.3d 1229, 1233 (10th Cir. 2003); but see Girard v. Rubin, 62 F.3d 1244, 1247 (9th Cir. 1995).  Accordingly, because DesRoches seeks to challenge the EEOC's enforcement decision rather than to litigate his discrimination claim, his complaint is not cognizable under § 2000e-16(c).

### IV.   CONCLUSION

For the reasons set forth above, defendant's motion for judgment on the pleadings (Doc. No. 9) is granted.  This order is without prejudice to any right that DesRoches otherwise may have to file an action seeking de novo review of his discrimination claim.  The clerk is instructed to enter judgment accordingly.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

June 12, 2006

cc:  T. David Plourde, Esq.
     Lawrence M. Edelman, Esq.