UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Robert P. DesRoches

    v.                               Civil No. 05-cv-088-B

John E. Potter, Postmaster
General, United States Postal Service


O R D E R

Judge Barbadoro granted judgment on the pleadings but also afforded plaintiff an opportunity to file an amended complaint to set forth viable causes of action.  Plaintiff now seeks to file an amended complaint with three causes of action:  (1)redress under the Accardi Doctrine; (2) a claim under the Administrative Procedure Act (APA); and (3) a claim for de novo review under the Rehabilitation Act.  He also seeks to amend his answer to the counterclaim.  Defendant objects to the first two claims as "futile" and to the third claim and to the counterclaim answer amendment as "untimely."  See Aponte-Torres v. University of Puerto Rico, 445 F.3d 50, 58 (1st Cir. 2006).[1]

1. Accardi Claim

The defendant claims that the alleged "Accardi" claims count is futile because it is asserted against the United States Postal

---

[1] I adopt and incorporate the factual and procedural history set forth in the June 12, 2006, Order (document no. 20).

Service ("USPS").  Defendant asserts that Accardi applies, if at all, to claims against the Equal Employment Opportunity Commission ("EEOC"), not against USPS.

> The "Accardi Doctrine" is a
>
> "judicially-evolved rule ensuring fairness in administrative proceedings" by requiring "that the rules promulgated by a federal agency, which regulate the rights of interests of others, are controlling upon the agency."  Montilla v. INS, 926 F.2d 162, 166, 168 (2d Cir. 1991).

Clary v. United States, 85 F.3d 1041, 1047 (2d Cir. 1996).  The essence of the "Accardi Doctrine" is simply that an agency must comply with its own regulations.  If it does not do so, then the agency may be sued.  The cases cited by the parties are suits against agencies which did not follow their own regulations.  Plaintiff has not cited, and I have not found, any Accardi claim against an agency which was a litigant before the allegedly offending agency rather than against the latter.  The Accardi claim against USPS is futile.  The motion (document no. 26) is denied as to Count I.

2.  APA Claim

Defendant, in one brief paragraph, states that the plaintiff's APA claim, like the Accardi claim is futile for the same reason.  Defendant cites (or miscites) 5 U.S.C. § 702 and 703.  5 U.S.C. § 703 does not contain the language in defendant's memorandum.  Defendant states that 5 U.S.C. § 703 permits suits

against "the United States, the agency whose agency is challenged, or its appropriate official."  Document no. 29, p. 8. Plaintiff's second count challenges the February 10, 2005, decision of the EEOC under the APA.  Document no. 27, Amended Complaint, pp. 14-15.  The proper party defendant is "the United States, the agency by its official title, or the appropriate officer."  5 U.S.C. § 703.  Neither party has addressed in argument what is meant by "the agency"[2] in the context of this statute nor cited to any legal authorities.  "It is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel."  Kauthar SDN BHD v. Sternberg, 149 F.3d 659, 668 (7th Cir. 1998), cert, denied, 119 S.Ct. 890 (1992).  "[I]t is not this court's job to research the law to support . . . [a party's] argument . . . ."  Busby v. Union Pacific R. Co., 4 F.3d 639, 642 (8th Cir. 1993).  The motion to amend (document no. 26) is granted as to Count II.

3.  De Novo Review

It appears clear that the de novo review claim is the claim Judge Barbadoro had in mind in his two orders and as to which he

---

[2] I do not understand what defendant intended by the phrase "agency whose agency is challenged . . . ."  Document no. 29, p. 8.

granted plaintiff permission to file.  For that reason and the reasons set forth by plaintiff, the claim is not untimely and the motion is granted as to Count III.

4.  <u>Amended Answer to Counterclaim</u>

This case has not progressed beyond a decision on the pleadings.  Defendant is not prejudiced by the amendment which is allowed.

The motions (document nos. 26 and 27) are granted to the extend as set forth above.

SO ORDERED.

   /s/   James R. Muirhead
James R. Muirhead
United States Magistrate Judge

November 28, 2006

cc:  Lawrence M. Edelman, Esquire
     T. David Plourde, Esquire