```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Robert P. DesRoches**

    **v.**                                                                Case No. 05-CV-088-PB
                                                                      Opinion No. 2009 DNH 062

**John E. Potter, Postmaster General,**
**United States Postal Service**


**MEMORANDUM AND ORDER**

The United States Postal Service ("USPS") has filed a counterclaim for unjust enrichment seeking to recover $317,325.25 in back pay and interest that it paid to Robert DesRoches pursuant to an order issued by the Equal Employment Opportunity Commission ("EEOC"). For the reasons outlined in this Memorandum and Order, I determine that the USPS is entitled to summary judgment on all aspects of its unjust enrichment claim except DesRoches' affirmative defense that the claim is barred by the statute of limitations. Because the statute of limitations issue has not been adequately briefed, I direct the USPS to address it in a new motion for summary judgment.

## I. <u>BACKGROUND AND PROCEDURAL HISTORY</u>[1]

On May 12, 1998, the EEOC determined that the USPS violated the Rehabilitation Act of 1973 by denying DesRoches a Full-Time Regular ("FTR") clerk position. (Am. Compl., Doc. No. 34, ¶ 15.) The EEOC decision became final on July 19, 2000, when the EEOC denied the USPS's request for reconsideration. At that time, the EEOC ordered the USPS to award DesRoches a full-time clerk position and pay him back pay and interest.

Despite efforts to find DesRoches appropriate employment with the Post Office, the parties were unable to agree on an acceptable position. Accordingly, on September 23, 2002, DesRoches filed an enforcement petition with the EEOC. (<u>Id.</u> ¶ 20.) On October 1, 2004, while the enforcement petition was pending, the USPS offered DesRoches the position he was seeking. (<u>Id.</u> ¶ 23.) DesRoches nevertheless rejected the USPS's job offer. On January 11, 2005, the USPS paid DesRoches $317,325.25 in back pay and interest. (<u>Id.</u> ¶ 24.) DesRoches did not withdraw the enforcement petition after receiving this award because he claimed that the award improperly failed to compensate

---

[1] This case has a complicated procedural history that I have described in detail in prior orders. <u>See</u> <u>DesRoches v. Potter</u> (<u>DesRoches II</u>), 2008 DNH 174; <u>DesRoches v. Potter</u> (<u>DesRoches I</u>), 2006 DNH 066. Here, I describe only those facts that are needed to understand the present dispute.

him for the period between September 22, 2002 (30 days after the USPS first offered DesRoches what it considered was an acceptable position) and November 1, 2004 (30 days after the job offer that DesRoches concedes was in compliance with the EEOC order). (Id. ¶¶ 23-24.)

Approximately one month after DesRoches received the back pay and interest award, the EEOC issued an order denying the enforcement petition. (Id. ¶ 25.) In explaining its decision, the EEOC concluded that DesRoches was not owed any back pay or interest "[b]ecause petitioner ceased coming to work as of January 7, 1994, prior to the date of the discriminatory event, i.e., April 30, 1994, and his removal was upheld on appeal to the MSPB [Merit System Protection Board] and EEOC . . . ." (Pl.'s Ex. E to Am. Compl., Doc. No. 34.)

DesRoches filed an action in federal court on March 17, 2005, seeking judicial review of the EEOC's enforcement order. Within three months of DesRoches' filing, the USPS answered the complaint and asserted a counterclaim for unjust enrichment.

On June 12, 2006, I issued an order rejecting DesRoches' claim for judicial review. DesRoches I, 2006 DNH 066. DesRoches responded with an amended complaint asserting, among other things, a claim for de novo review of his Rehabilitation Act claim. On September 17, 2008, I reviewed the matter de novo, and

-3-

granted the USPS' motion for summary judgment on the Rehabilitation Act claim. DesRoches II, 2008 DNH 173. I based my ruling on a determination that DesRoches could not prove that he was capable of working as a FTR clerk when he applied for the position in 1994. Id.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment must first identify the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to "produce evidence on which a reasonable finder of fact, under the appropriate proof burden, could base a verdict for it; if that party cannot produce such evidence, the motion must be granted." Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir. 1996); see Celotex, 477 U.S. at 323.

### III. ANALYSIS

The USPS asserts that DesRoches was unjustly enriched when he received back pay and interest to which he was not entitled. DesRoches presents a series of arguments in opposition to the USPS' motion for summary judgment. I outline the elements of the USPS' unjust enrichment claim and then responded to DesRoches' argument in turn.

#### A. Unjust Enrichment

The doctrine of unjust enrichment holds that "one shall not be allowed to profit or enrich himself at the expense of another contrary to equity." E. Elec. Corp. v. FERD Constr., Inc., 2005 WL 3447957, at *3 (D.N.H. Dec. 15, 2005) (quoting Pella Windows & Doors, Inc. v. Faraci, 133 N.H. 585, 586 (1990)). A plaintiff in an unjust enrichment case is not required to prove "that the defendant obtained the benefit through wrongful acts; passive acceptance of a benefit may also constitute unjust enrichment." Invest Almaz v. Temple-Inland Forest Prods. Corp., 243 F.3d 57, 64 (1st Cir. 2001); see also E. Elec. Corp., 2005 WL 3447957 at *3. To justify restitution, there must be "more than a moral claim for reimbursement. Instead, '[t]here must be some specific legal principle or situation which equity has established or

recognized to bring a case within the scope of the doctrine.'" Invest Almaz, 243 F.3d at 64 (quoting Cohen v. Frank Developers, Inc., 118 N.H. 512, 518 (1978)).

When this legal standard is applied to the undisputed facts of this case, it is clear that DesRoches has been unjustly enriched.  On January 11, 2005, the USPS paid DesRoches $317,325.25 in back pay and interest.  DesRoches' entitlement to that payment was based on an order from the EEOC ruling that the USPS had violated his rights under the Rehabilitation Act.  After DesRoches sought de novo review of his Rehabilitation Act claim, I determined that the claim lacked merit because DesRoches could not prove that he was capable of working as a FTR clerk when he applied for the position in 1994.  Thus, as the matter now stands, DesRoches has no entitlement under the Rehabilitation Act to the money he received from the USPS.

**B.   DesRoches' Arguments**

1.   Material Variance

DesRoches first argues that the unjust enrichment claim is defective because the theory of unjust enrichment pled in the counterclaim varies materially from the unjust enrichment theory that the USPS relies on in its summary judgment motion.

-6-

This argument is unpersuasive.  The USPS's counterclaim adequately pled unjust enrichment.  It stated that "DesRoches has no current legal entitlement to the sum of $317,325.25 paid to him by the USPS . . . [and demanded that] DesRoches immediately refund the $317,325.25."  (Def.'s Answer, Doc. No. 5, ¶¶ 84-85.)  Although the USPS bases its summary judgment motion on my September 17, 2008 order rather than the July 19, 2000 EEOC order that it originally relied on when it filed its counterclaim, its theory of unjust enrichment has not changed.  Because any variance between the unjust enrichment claim alleged in the counterclaim and the facts upon which the USPS seeks summary judgment is not "substantial and material," the variance does not bar the USPS from obtaining summary judgment.  SEC v. Happ, 392 F.3d 12, 20-21 (1st Cir. 2004).  In any event, even if a formal amendment were required, it would be authorized under Fed. R. Civ. P. 15.  See Foman v. Davis, 371 U.S. 178, 182 (1962) (permitting amendment of complaint to assert alternative theory of recovery).

    2.   Insufficient Proof of Unjust Enrichment

DesRoches next claims that the USPS has "not demonstrated how [he] has been unjustly enriched by retaining a benefit to

which he was entitled under a final EEOC order."  (Pl.'s Resp., Doc. No. 77-2, at 11.)  The undisputed facts of this case eviscerate DesRoches' argument.  The USPS paid DesRoches $317,325.25 in reliance on an EEOC order that he abandoned when he sought de novo review of his Rehabilitation Act claim.  See Timmons v. White, 314 F.3d 1229, 1234 (10th Cir. 2003) (federal employer not bound by adverse EEOC finding when employee seeks de novo review).  I have since determined that DesRoches was not deprived of his rights under the Rehabilitation Act.  Having failed to prove his Rehabilitation Act claim on de novo review, DesRoches no longer has any right to the back pay and interest award.

    3.   EEOC Enforcement Order is Illegal

DesRoches argues that the USPS is not entitled to summary judgment on its unjust enrichment claim because the EEOC enforcement order improperly altered the earlier EEOC order granting him relief on his Retaliation Act claim.  This argument is a non-starter.  Even if I assume for purposes of analysis that the EEOC's enforcement order was improper, that assumption has no bearing on the counterclaim now before the court.  The unjust enrichment claim is based on an order of this court that was

-8-

issued only after DesRoches decided to seek de novo review of his Rehabilitation Act claim.  DesRoches is now bound by this court's orders rather than any prior EEOC orders.  Put bluntly, DesRoches made this a federal case, and now must live with the outcome.

### 4.   Improper Delay

DesRoches' last argument is that the USPS is not entitled to recover on an unjust enrichment theory because of its unreasonable delay in complying with the EEOC's July 19, 2000 order.  This argument also misses the mark.  The USPS's alleged delay in processing a nonmeritorious claim does nothing to support DesRoches' argument that he is entitled to retain money that was paid to him pursuant to an erroneous ruling by the EEOC.

### IV.   CONCLUSION

Having determined as a matter of law that DesRoches has been unjustly enriched, the USPS's motion for summary judgment on its counterclaim (Doc. No. 72) is granted.  The undisputed facts demonstrate that the USPS is entitled to recover on its unjust enrichment claim in the amount of $317,325.25, subject only to DesRoches' affirmative defense that the statute of limitations bars the USPS from recovering that money.  The viability of this

-9-

affirmative defense has not been adequately briefed by either party, and therefore, the USPS is instructed to file a motion for summary judgment on the statute of limitations issue within ten (10) days of the issuance of this Memorandum and Order.

    SO ORDERED.

                                        /s/Paul Barbadoro
                                        Paul Barbadoro
                                        United States District Judge

May 5, 2009

cc:  Leslie Johnson, Esq.
     T. David Plourde, AUSA